**Slip Op. 00-75**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **CANVAS & LEATHER BAG COMPANY, INC.**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES,**<br><br>  **Defendant.** | **Court No. 97-02-00354**<br>**BEFORE: CARMAN, CHIEF JUDGE** |

Plaintiff, Canvas & Leather Bag Company, Inc., pursuant to U.S. CIT R. 60(b)(1) and (6), moves the Court to relieve plaintiff of an order of dismissal issued June 6, 2000, and to reinstate the above-captioned action to the Suspension Disposition Calendar.

Defendant, United States, opposes the motion arguing plaintiff has failed to provide sufficient reasons justifying the relief sought.

*Held*:  This Court denies plaintiff's motion finding plaintiff has failed to proffer sufficient reasons justifying relief.

Dated:  July 5, 2000

*Neville, Peterson & Williams* (*Curtis W. Knauss* and *John M. Peterson*), New York, New York, for plaintiff.

*David W. Ogden*, Acting Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Barbara M. Epstein*), for defendant.

### OPINION

**CARMAN, CHIEF JUDGE:**  Plaintiff, Canvas & Leather Bag Company, Inc., pursuant to

U.S. CIT R. 60(b)(1) and (6), moves the Court to relieve plaintiff of an order of dismissal issued

June 6, 2000, and to reinstate the above-captioned action to the Suspension Disposition Calendar.

Defendant, United States, opposes the motion arguing plaintiff has failed to provide sufficient reasons justifying the relief sought.

BACKGROUND

Plaintiff commenced this action to appeal denial by the U.S. Customs Service of protests covering entries of soft-sided cooler bags by filing a summons on February 27, 1997. On October 9, 1997, this action was suspended pending the resolution of the designated test case, *SGI, Inc. v. United States*, Court No. 92-05-00359. Following the decision in *SGI, Inc. v. United States*, 122 F.3d 1468 (Fed. Cir. 1997), this action was placed on the Court's Suspension Disposition Calendar pursuant to U.S. CIT R. 85.

This action has been dismissed four times for lack of prosecution pursuant to U.S. CIT R. 85(d) which provides that an action not removed from the Suspension Disposition Calendar within the established period shall be dismissed for lack of prosecution without further direction of the Court. This Court has reinstated this action three times. In the motion at bar, plaintiff requests the Court again reinstate this action to the Court's Suspension Disposition Calendar.

Plaintiff argues it has been diligent in prosecuting this action. In its motion, plaintiff asserts it submitted proposed stipulated judgments on agreed statements of fact to defendant and reasonably expected that defendant would submit the proposed stipulated judgments to this Court. According to plaintiff, however, defendant did not submit the proposed stipulated judgments nor alert plaintiff the stipulations had not been filed with the Court.

Defendant opposes plaintiff's motion and contests plaintiff's characterization of the facts. Defendant asserts that through numerous telephone calls and letters it advised plaintiff of the problems with the various proposed stipulated judgments as well as reminded plaintiff of the deadline to remain on the Suspension Disposition Calendar. In particular, defendant points to its letter to plaintiff's counsel dated May 31, 2000, which specifically informed plaintiff that the previously granted extension for this case to remain on the Suspension Disposition Calendar expired on "April 30, 2000 (and/or March 1st or May 1st)." (*See* Letter from Barbara M. Epstein to John M. Peterson, Esq., at 1, *attached to* Def.'s Resp. to Pl.'s Mot. to Vacate Order of Dismissal and Reinstate to the Suspension Disposition Calendar.) Defendant advised plaintiff to take appropriate steps to obtain an out-of-time extension so the parties might be able to file a stipulation with the Court. Moreover, defendant argues, regardless of defendant's degree of cooperation, plaintiff has an independent obligation to prosecute its case. Defendant contends plaintiff has provided no valid reasons why it did not monitor the status of the case and file a motion to extend time for the case to remain on the Suspension Disposition Calendar.

DISCUSSION

A plaintiff has an independent and primary obligation to prosecute an action brought by it "from the moment of commencement to the moment of final resolution." *Avanti Prods., Inc. v. United States*, 16 CIT 453, 453 (1992). "That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment." *Id.* at 453-54. If an action is dismissed for lack of prosecution, however, the Court may, upon motion of the plaintiff, and "upon such terms as are just, . . . relieve a party . . . from a final judgment . . . for the following

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." U.S. CIT R. 60(b).

In the absence of any acceptable excuse that would justify the relief sought under U.S. CIT R. 60(b), a dismissal should not be set aside, and the action should not be restored to the Suspension Disposition Calendar. *See Avon Prods., Inc v. United States*, 13 CIT 670, 671-72 (1989); *see also Avanti Prods.*, 16 CIT at 453. In this matter, plaintiff provides no valid reason for the Court to vacate the order of dismissal and reinstate this action. Plaintiff essentially argues it failed to prosecute because it was awaiting responses to draft stipulations served on the government. Allowing an action to be dismissed for lack of prosecution because a plaintiff was waiting for the United States to respond to draft stipulations is not an acceptable excuse under CIT Rule 60(b). *See Caterpillar, Inc. v. United States*, No. 97-04-00598, 1998 WL 928441, at *1 (CIT Dec. 29, 1998). Moreover, the Court notes the government in its May 31, 2000 letter to the plaintiff notified the same that the Court's docket sheet indicated that the extension for the case to remain on the Suspension Disposition Calendar had expired and recommended plaintiff take action to obtain an out-of-time extension in order that the stipulation could be filed with the Court. In light of the facts before this Court and for the reasons stated above, plaintiff's motion for relief from an order of dismissal and reinstatement of the action is hereby denied.

_____
Gregory W. Carman
Chief Judge

Dated: July 5, 2000
      New York, New York